# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND WATKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>HIGH ROLLER INCORPORATED, et al.,<br><br>        Defendants. | Case No. 1:18-cv-01411-DAD-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(Doc. No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Raymond Watkins ("Plaintiff") is proceeding pro se and in forma pauperis in this employment discrimination action. Plaintiff's complaint, filed on October 12, 2018, is currently before the Court for screening. (Doc. No. 1.)

**I.    Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff names High Roller Incorporated and Burger King Restaurant as defendants. In Claim I, Plaintiff asserts that his right to request days off work in a timely manner for court was violated. Specifically, Plaintiff alleges as follows:

> I had 2 Court dates schedualed [sic] a month before the hearing and I requested Both days off work so I could go to Court. I also have a long History of severe migraines and ended up going to the hospital 2 or 3 Times for a migraine about the same time as court. [¶] I also had an Issue with the manager Taking work time off my clock and Threatening me if I didn't sign my ok to take time he would writ [sic] me up. Then my last day before Court, He called every one out of the kitchen to make me cover the whole kitchen when I was due for a break. [¶] I asked for my break just before Clock out time and he Told me no! To try and create another Time Clock Issue and Steal from me again! He fired me for not Comming [sic] to work on my Trial Date when I had 2 doctor notes.

(Doc. No. 1 at 4.) Plaintiff claims he suffered loss of income/job and mental pain/stress. He reportedly called at HR at High Roller Incorporated, but never received a return call.

In Claim II, Plaintiff asserts a violation of his right to have days missed at work covered by a doctor's note. Plaintiff does not include any supporting facts for this claim and instead states, "See Claim 1." (Id. at 5.)

As relief, Plaintiff seeks $10,000.00 in damages and the retraining of the manager to

respect worker rights.

### III. Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. However, as Plaintiff is proceeding pro se, and in an abundance of caution, he will be granted leave to amend his complaint to cure the below-identified deficiencies to the extent he can do so in good faith. To assist Plaintiff, the Court provides the pleading and legal standards that appear applicable to his claims.

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. The allegations are disjointed and unclear. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. It is not in chronological order and appears to merely list a variety of events that Plaintiff found objectionable while working at Burger King. Plaintiff's complaint also lacks clarity regarding the nature of his claims, and he does not identify any constitutional or statutory bases underlying those claims. If Plaintiff files an amended complaint, it should be a short and plain statement of his claims, and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8.

#### B. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

Although unclear, Plaintiff may be attempting to bring a claim for employment discrimination under Title VII of the Civil Rights Act of 1964. Title VII forbids an employer

from discharging or otherwise discriminating against its employees on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a)(1). Plaintiff's complaint does not allege that any defendant discriminated against him on the basis of any of these protected classifications.

Additionally, Title VII has exhaustion requirements that must be met prior to filing a court action. 42 U.S.C.§ 2000(e) *et seq*. A person seeking relief under Title VII must first file a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged unlawful employment practice, or, if the person initially instituted proceedings with the state or local administrative agency, within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). If the EEOC does not bring suit based on the charge, the EEOC will issue a "right to sue letter." 42 U.S.C. § 2000e-5(f)(1). Once a person receives this letter, he has 90 days to file suit. 42 U.S.C. § 2000e-5(f)(1). Plaintiff's complaint does not allege that he exhausted his administrative remedies. If he has not yet filed a timely claim with the EEOC and received a right-to-sue letter, this claim is subject to dismissal.

**C. Americans with Disabilities Act ("ADA")**

Although unclear, Plaintiff may be attempting to bring a claim pursuant to the ADA. Title I of the ADA prohibits private employers from discriminating against a "qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "To state a prima facie case for discrimination under [Title I] of the ADA, [plaintiff] must prove that he is a qualified individual with a disability who suffered an adverse employment action because of his disability." Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1090 (9th Cir. 2004) (quotation marks and citation omitted). Plaintiff's complaint does not adequately allege that he is an individual with a disability within the meaning of the ADA. Plaintiff's complaint also fails to adequately allege that he was terminated because of his disability or that he suffered an adverse employment action because of his disability.

Further, as with a claim under Title VII, Plaintiff's complaint fails to allege that he exhausted his administrative remedies with respect to any ADA claim. "The ADA requires

1 individuals alleging employment discrimination to file a claim with the Equal Employment Opportunity Commission (EEOC) before filing a lawsuit." Johnson v. Cty. of Monterey, No. 5:10-CV-04633 JF (PSG), 2011 WL 250429, at *3 (N.D. Cal. Jan. 26, 2011) (internal quotation marks and citations omitted); see also 42 U.S.C. § 2000e-5(b).

**D. State Law Claims**

It is unclear whether Plaintiff is attempting to assert state law claims. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In the absence of any cognizable federal claims, the Court declines to address any purported state law claims.

**IV. Conclusion**

Plaintiff's complaint fails to state a cognizable federal claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **January 16, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE